# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

Appeal No. 13-1935

United States of America,

> Plaintiff / Appellee,

vs.

James C. Smith,                                              Appeal No. 13-1935

> Defendant / Appellant.

Appeal from the United States District Court for the Eastern District of Missouri
Cause No. 4:11-CR-246 CDP
Honorable Catherine D. Perry, Chief Judge
United States District Court

## REPLY BRIEF OF APPELLANT JAMES C. SMITH TO GOVERNMENT ARGUMENTS IB(iii), VI, and VIII AND REPLY BRIEF FOR ALL APPELLANTS TO GOVERNMENT ARGUMENTS IB(i) and IB(ii).

Christopher A. Pickett, #51059
Greensfelder, Hemker, & Gale, PC
10 S. Broadway, 20th Floor
St. Louis, Missouri 63102
(314) 516-2654 telephone
(314) 851-0982 facsimile
cap@greensfelder.com
Attorney for Defendant/Appellant James C. Smith

i

# TABLE OF CONTENT

STATEMENT OF THE ISSUES ......................................................................... 1

I.      THE DISTRICT COURT ERRED BY DENYING APPELLANTS'
        MOTIONS FOR JUDGMENT OF ACQUITTAL WHEN THE
        GOVERNMENT PRESENTED INSUFFICIENT EVIDENCE
        THAT THE WHEELS OF SOUL CONSTITUTED AN
        "ENTERPRISE" AS DEFINED BY 18 U.S.C. § 1961(5)........................... 1

II.     THE DISTRICT COURT ERRED IN DENYING APPELLANTS'
        MOTIONS FOR JUDGMENT OF ACQUITTAL WHEN THE
        GOVERNMENT PRESENTED INSUFFICIENT EVIDENCE THAT
        THE PREDICATE ACTS ALLEGED IN THE INDICTMENT
        CONSTITUTED A "PATTERN OF RACKETEERING ACTIVITY"
        AS DEFINED BY 18 U.S.C. § 1961(5) ....................................................... 1

III.    THE DISTRICT COURT ERRED BY DENYING APPELLANT
        JAMES C. SMITH'S MOTION FOR JUDGMENT OF ACQUITTAL
        BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT
        JAMES C. SMITH POSSESSED THE REQUISITE KNOWELDGE
        TO AGREE THAT A CO-CONSPIRATOR WOULD COMMIT
        TWO PREDICATE ACTS AS REQUIRED TO SUSTAIN A
        CONVICTION OF CONSPIRACY TO VIOLATE RICO AS SET
        FORTH IN 18 U.S.C. § 1962(d) ................................................................. 1

IV.     THE DISTRICT COURT ABUSED ITS DISCRETION BY
        DENYING APPELLANT JAMES C. SMITH'S REQUEST FOR A
        SPECIAL INTERROGATORY AND/OR SPECIAL VERDICT
        DIRECTOR THAT WOULD HAVE REQUIRED THE JURY TO
        FIND, UNANIMOUSLY, THE TYPES OF PREDICATE ACTS TO
        WHICH JAMES C. SMITH AGREED A CO-CONPIRATOR
        WOULD COMMITT AS REQUIRED BY 18 U.S.C.§ 1962(d) ................. 2

ARGUMENT..................................................................................................... 3

I.      THE DISTRICT COURT ERRED BY DENYING APPELLANTS'
        MOTIONS FOR JUDGMENT OF ACQUITTAL WHEN THE
        GOVERNMENT PRESENTED INSUFFICIENT EVIDENCE
        THAT THE WHEELS OF SOUL CONSTITUTED AN
        "ENTERPRISE" AS DEFINED BY 18 U.S.C. § 1961(5)........................... 3

i

     a.     Scope of Argument ........................................................... 3

     b.     Legal Argument ................................................................ 3

II.    THE DISTRICT COURT ERRED IN DENYING APPELLANTS'
       MOTIONS FOR JUDGMENT OF ACQUITTAL WHEN THE
       GOVERNMENT PRESENTED INSUFFICIENT EVIDENCE THAT
       THE PREDICATE ACTS ALLEGED IN THE INDICTMENT
       CONSTITUTED A "PATTERN OF RACKETEERING ACTIVITY"
       AS DEFINED BY 18 U.S.C. § 1961(5) ...................................... 8

     a.     Scope of Argument ........................................................... 8

     b.     Legal Argument ................................................................ 9

III.   THE DISTRICT COURT ERRED BY DENYING APPELLANT
       JAMES C. SMITH'S MOTION FOR JUDGMENT OF ACQUITTAL
       BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT
       JAMES C. SMITH POSSESSED THE REQUISITE KNOWLEDGE
       TO AGREE THAT A CO-CONSPIRATOR WOULD COMMIT
       TWO PREDICATE ACTS AS REQUIRED TO SUSTAIN A
       CONVICTION OF CONSPIRACY TO VIOLATE RICO AS SET
       FORTH IN 18 U.S.C. § 1962(d) ..............................................12

     a.     Scope of Argument ..........................................................12

     b.     Legal Argument ...............................................................12

IV.   THE DISTRICT COURT ABUSED ITS DISCRETION BY
       DENYING APPELLANT JAMES C. SMITH'S REQUEST FOR A
       SPECIAL INTERROGATORY AND/OR SPECIAL VERDICT
       DIRECTOR THAT WOULD HAVE REQUIRED THE JURY TO
       FIND, UNANIMOUSLY, THE TYPES OF PREDICATE ACTS TO
       WHICH JAMES C. SMITH AGREED A CO-CONSPIRATOR
       WOULD COMMITT AS REQUIRED BY 18 U.S.C.§ 1962(d) ................19

     a.     Scope of Argument ..........................................................19

     b.     Legal Argument ...............................................................20

CONCLUSION .........................................................................21

CERTIFICATE OF COMPLIANCE.................................................23

Appellate Case: 13-1935    Page: 3    Date Filed: 02/21/2014 Entry ID: 4126026

# TABLE OF AUTHORITIES

**Cases**

*Goren v. New Vision Int'l, Inc.,*
156 F.3d 721 (7th Cir. 1998) ...................................................................18

*Salinas v. United States,*
522 U.S. 52 at 61 (1997) ...............................................................12, 13

*United States v. Abbell,*
413 F.3d 1286 (11th Cir. 2001) .........................................................13

*United States v. Bledsoe,*
674 F.2d 647 (8th Cir. 1982) .........................................................1, 3

*United States v. Darden,*
70 F.3d. 1507 (8th Cir. 1995) ........................................................ 4

*United States v. Davidson,*
122 F.3d. 531 (8th Cir. 1995 ........................................................1, 5

*United States v. Driver,*
535 F.3d. 424 (6th Cir. 2008) ...................................................1, 16, 17

*United States v. Harris,*
695 F.3d 1125 (10th Cir. 2012) .................................................1, 6, 8

*United States v. Hein,*
395 F. App'x 652 (11th Cir. 2010) ...........................................2, 18

*United States v. Indelicato,*
865 F.2d 1370 (2nd Cir. 1989) ..............................................1, 9, 11

*United States v. Kragness,*
*830 F.2d 842 (8th Cir. 1987)* ...............................................2, 20, 21

*United States v. Leisure,*
844 F.2d. 1347 (8th Cir. 1988) .............................................passim

*United States v. Mouzone,*
687 F.3d 207 (4th Cir. 2012) <u>cert. denied,</u> 133 S. Ct. 899, 184 L. Ed.
2d 697 (U.S. 2013) .........................................................................2, 17, 18

Appellate Case: 13-1935    Page: 4    Date Filed: 02/21/2014 Entry ID: 4126026

*United States v. Nagi*,
    2013 WL 5433464 (6th Cir. 2013) .......................................................1, 9, 10

*United States v. Payne*,
    591 F.3d 46 (2d Cir. 2010).........................................................................5, 8

*United States v. Starrett*,
    55 F.3d 1525 (11th Cir. 1995)...........................................................1, 13, 14

## Statutes

18 U.S.C. § 1961(4) ...............................................................................................21

18 U.S.C. § 1961(5) .........................................................................................passim

18 U.S.C. § 1962(d) .........................................................................................passim

iv

<u>**STATEMENT OF THE ISSUES**</u>

**I.    THE DISTRICT COURT ERRED BY DENYING APPELLANTS'**
**MOTIONS FOR JUDGMENT OF ACQUITTAL WHEN THE**
**GOVERNMENT PRESENTED INSUFFICIENT EVIDENCE  THAT THE**
**WHEELS OF SOUL CONSTITUTED AN "ENTERPRISE" AS DEFINED**
**BY 18 U.S.C. § 1961(5) [GOVERNMENT ARGUMENT IB(i)**

- *United States v. Leisure*, 844 F.2d. 1347, 1383 (8th Cir. 1988)
- *United States v. Davidson*, 122 F.3d. 531, 534 (8th Cir. 1995
- *United States v. Harris*, 695 F.3d 1125, 1134-36 (10th Cir. 2012)
- *United States v. Bledsoe*, 674 F.2d 647, 662 (8th Cir. 1982)

**II.    THE DISTRICT COURT ERRED IN DENYING APPELLANTS'**
**MOTIONS FOR JUDGMENT OF ACQUITTAL WHEN THE**
**GOVERNMENT PRESENTED INSUFFICIENT EVIDENCE THAT THE**
**PREDICATE ACTS ALLEGED IN THE INDICTMENT CONSTITUTED A**
**"PATTERN OF RACKETEERING ACTIVITY" AS DEFINED BY 18 U.S.C.**
**§ 1961(5) [GOVERNMENT ARGUMENT IB(ii)**

- *United States v. Indelicato*, 865 F.2d 1370, 1375-1376, 1381-1382 (2nd Cir. 1989)
- *United States v. Nagi*, 2013 WL 5433464 (6th Cir. 2013)

**III.   THE DISTRICT COURT ERRED BY DENYING APPELLANT**
**JAMES C. SMITH'S MOTION FOR JUDGMENT OF ACQUITTAL**
**BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT JAMES C.**
**SMITH POSSESSED THE REQUISITE KNOWLEDGE TO AGREE THAT**
**A CO-CONSPIRATOR WOULD COMMIT TWO PREDICATE ACTS AS**
**REQUIRED TO SUSTAIN A CONVICTION OF CONSPIRACY TO**
**VIOLATE RICO AS SET FORTH IN 18 U.S.C. § 1962(d) [GOVERNMENT**
**ARGUMENT IB (iii)**

- *United States v. Starrett*, 55 F.3d 1525, 1543-44 (11th Cir. 1995)

1

- *United States v. Driver*, 535 F.3d. 424 (6th Cir. 2008)
- *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012) <u>cert. denied,</u> 133 S. Ct. 899, 184 L. Ed. 2d 697 (U.S. 2013)
- *United States v. Hein*, 395 F. App'x 652, 656 (11th Cir. 2010)

## IV. THE DISTRICT COURT ABUSED ITS DISCRETION BY DENYING APPELLANT JAMES C. SMITH'S REQUEST FOR A SPECIAL INTERROGATORY AND/OR SPECIAL VERDICT DIRECTOR THAT WOULD HAVE REQUIRED THE JURY TO FIND, UNANIMOUSLY, THE TYPES OF PREDICATE ACTS TO WHICH JAMES C. SMITH AGREED A CO-CONSPIRATOR WOULD COMMITT AS REQUIRED BY 18 U.S.C. § 1962(d) [GOVERNMENT ARGUMENT VIII]

- *United States v. Kragness, 830 F.2d 842, 861 (8th Cir. 1987)*

2

**ARGUMENT**

**I. THE DISTRICT COURT ERRED BY DENYING APPELLANTS' MOTIONS FOR JUDGMENT OF ACQUITTAL WHEN THE GOVERNMENT PRESENTED INSUFFICIENT EVIDENCE THAT THE WHEELS OF SOUL CONSTITUTED AN "ENTERPRISE" AS DEFINED BY 18 U.S.C. § 1961(5)[GOVERNMENT ARGUMENT IB(i)**

### a. *Scope of Argument*

The reply to this Argument (Denial of Motions for Judgment of Acquittal because of insufficient evidence that the Wheels of Soul constituted an Enterprise) is written on behalf of *all Appellants.*

### b. *Legal Argument*

RICO was not "intended to encompass a group of criminals who associate with one another." Rather, it was aimed at individuals who "*only associate for the purpose of committing crimes*; i.e., the state was aimed at traditional organized crime." *United States v. Bledsoe*, 674 F.2d 647, 662 (8th Cir. 1982) (emphasis in original).

The Government incorrectly asserts that it presented sufficient evidence Wheels of Soul was an enterprise as defined by 18 U.S.C. § 1961(5). This Court should examine three factors to determine whether the Wheels of Soul constituted an "enterprise" as defined by the RICO statute. First, the Court should look to whether the organization had a common purpose. Next, examine whether it had a formal or informal organization of participants that functions as a unit. Last, this

3

Court should determine whether it had an ascertainable structure distinct from that inherent in the conduct of a pattern of racketeering activity. *United States v. Darden*, 70 F.3d. 1507, 1520 (8th Cir. 1995).

The Government relies upon *United States v. Leisure* to argue that the Wheels of Soul shared a common purpose. In *Leisure*, in the face of overwhelming evidence, this Court concluded that the Defendants had "acted out of a common purpose". *Leisure*, 844 F.2d. 1347, 1383 (8th Cir. 1988). However, the overwhelming nature of the evidence in *Leisure* is in stark contrast to the meager evidence presented in this trial.

The Defendants in *Leisure* were an organized crime family that operated for twenty years before the indictment that lead to their convictions. The indictment alleged violations of substantive RICO and for RICO conspiracy. As this Court stated, the "facts of this case are vaguely reminiscent of a Mario Puzo novel, and concern the attempts of Paul Leisure and his associates to dominate two labor unions and criminal underworld of St. Louis, Missouri." *Leisure*, 844 F.2d at 1351. The defendants, beginning in 1964, worked together and engaged in various criminal acts, including a car bombing that killed a rival in order to consolidate their power in St. Louis within the local unions. *Id.* at 1351. In light of the considerable evidence put forth at trial, this Court correctly stated the "Leisure group acted out of a common purpose to dominate local labor unions, profit

4

economically from this domination, and murder opponents of their efforts to the extent necessary." *Id.* at 1363.

The Government also incorrectly relies upon *United States v. Davidson.* In *Davidson*, this Court again found that the Defendants were part of an enterprise as defined by RICO statutes. Davidson argued there was no proof of an organization for purposes of the enterprise requirement. The Court disagreed noting the length of the associations, the number and variety of crimes ***jointly*** committed, and Davidson's financial support of his underlings. *Davidson*, 122 F.3d. 531, 534 (8th Cir. 1995).

The Government also relies upon similarly situated cases from the Second and Tenth Circuits. In *United States v. Payne*, the Second Circuit concluded that the Defendants were an enterprise because the defendants engaged in narcotics trafficking and various violent acts, including intentional murder, in furtherance of those narcotics trafficking. There, the prosecution presented ample evidence of the common purpose related to narcotics transactions, including evidence that the "family" scheduled the hours that particular dealers worked, determined the location worked, and using violence to keep non-family members from working particular corners or spots. *United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010). In addition, each Defendant actually engaged in the criminal conduct, including

5

selling drugs, robbing individuals, and committing or attempting to commit murders.

Lastly, the Government cites the Tenth Circuit opinion in *United States v. Harris* to support its position that the Wheels of Soul constituted an enterprise. In *Harris*, the Tenth Circuit found that the Defendants—gang members who jointly operated common homes from which they sold and distributed drugs—were an enterprise for purposes of a RICO conspiracy.[1] *United States v. Harris*, 695 F.3d 1125, 1134-36 (10th Cir. 2012).

These four cases are inapposite. Rather than bolster the Government's argument that the Wheels of Soul constituted an enterprise, they actually serve to underscore the Government's failure to present evidence sufficient to prove that the Wheels of Soul shared a common purpose.

As was more fully set forth in Appellants' Joint Brief, the Wheels of Soul were, at best, a loose confederation of individuals who wore the same vests, wore patches, and rode motorcycles. This is best illustrated by the manner in which the St. Louis Chapter was formed. Five men each mailed $200.00 to Philadelphia and they received in return "colors" and "patches". The Defendants in the cases upon which the government relies were affiliated with each other by far more than mail

---

[1] The *Harris* Court also indicated that "enterprise" was not a requirement of a RICO conspiracy conviction. *United States v. Harris*, 695 F.3d 1125, 1134 (10th Cir. 2012)

6

order patches or a common hobby. For example, in [*Leisure*] they were family in the truest sense, brothers, nephews, cousins acting together to take over the local unions.

In addition, the Wheels of Soul's lack of a common purpose is further emphasized when reviewing the crimes that were committed by various members of the organization. Mr. Allen Hunter testified that he sold narcotics for himself. He did not sell the narcotics for the Wheels of Soul, and, in fact, there was no evidence that "Philadelphia" was even aware that Allen Hunter was selling narcotics. Similarly, the three isolated gun sales do not evidence any common purpose, because, again, the evidence made clear the sales were for the benefit of Allen Hunter and not for the benefit of the Wheels of Soul.

Lastly, to the extent the Government argues the violent acts are evidence of common purpose; that argument must also fail. Here, the evidence made clear the violent acts were not consistent, planned, intentional, or done to advance any purpose of the Wheels of Soul. Instead, those acts involved personal feuds or altercations that turned violent, without the knowledge of any member of the Wheels of Soul other than those members who were involved.

This is a sharp difference to the Leisure Group that, together, organized, planned, carried out, and covered up multiple car-bombings that resulted in the death of rivals and pushed the Leisure Group to reach their ultimate goal of

7

controlling the local unions. *Leisure* at 844 F.2d 1347, 1351. Similarly,

Davidson's group also worked together to organize, plan, execute, and cover up car

thefts, insurance fraud, and related crimes to earn money for the organization.

*Davidson,* 122 F.3d 531, 535. In addition, the defendants in *Harris* and *Payne* also

clearly organized, planned, and worked together to reach the goals of the

respective organizations. *See Harris* 695 F.3d 1125, 1134 and *Payne*, 591 F.3d 46,

61.

In contrast, the Government presented scant evidence that the Wheels of

Soul shared a common criminal purpose. There was thus insufficient evidence

that they were an enterprise as set forth in 18 U.S.C. § 1961(5). Therefore, the

conviction cannot stand.

**II.    THE DISTRICT COURT ERRED IN DENYING APPELLANTS'
MOTIONS FOR JUDGMENT OF ACQUITTAL WHEN THE
GOVERNMENT PRESENTED INSUFFICIENT EVIDENCE THAT THE
PREDICATE ACTS ALLEGED IN THE INDICTMENT CONSTITUTED A
"PATTERN OF RACKETEERING ACTIVITY" AS DEFINED BY 18 U.S.C.
§ 1961(5) [GOVERNMENT ARGUMENT IB(ii)**

*a.  Scope of Argument*

The reply to this Argument (Denial of Motions for Judgment of Acquittal

because of insufficient evidence that the alleged predicate acts constituted a

"pattern of racketeering activity" is written on behalf of ***all Appellants.***

8

### b. Legal Argument

The Government's argument appears to be that the acts complained of in the instant case "shared a similar purpose – to assert the dominance of Wheels of Soul and to punish those who committed real or perceived transgressions against the club or its members." *Brief of Appellee* at 123. This argument utterly fails to even address the issue presented by Appellants.

The Government failed to present sufficient evidence that the predicate acts were related, either to each other or to the enterprise, both of which are required to be considered a pattern pursuant to RICO. *See United States v. Indelicato*, 865 F.2d 1370, 1375-1376, 1381-1382 (2nd Cir. 1989). The purpose of the acts or the organization is not a relevant factor used to determine whether the predicate acts constitute a pattern. Instead, the issue is whether the predicate acts are related to each other and the enterprise and whether there is threat of continuing activity. Here, it is clear the acts are not related, either to each other or to the enterprise.

The Government asks this Court to follow the analysis of *United States v. Nagi*, a Sixth Circuit decision in which the Court concluded that the crimes for which the Defendants were charged constituted a "pattern". But *Nagi* is factually different than the instant case in significant respects. *First*, in *Nagi*, the Defendants engaged in narcotics trafficking inside of their clubhouses. But here, the Wheels of Soul did not engage in drug trafficking. There was no evidence of

9

any criminal acts occurring in the clubhouses. *Second*, many of the members did not hold regular jobs, instead dealing drugs to pay their weekly dues. *United States v. Nagi*, 2013 WL 5433464 (6th Cir. 2013). In contrast, the members of the Wheels of Soul held regular jobs and paid their monthly and weekly dues with the proceeds from legal work. Consequently, the Court's analysis and conclusion in *Nagi* should have little value to this Court in this matter as it determines whether the predicate acts at issue constitute a pattern.

The Government's brief states that each incident was a "deliberate and calculated effort to reinforce the notion that the Wheels of Soul was the dominant 'outlaw club' in the cities in which they maintained an existence." *See Appellee's brief*, page 125. The evidence, though, revealed a markedly different truth. A minority of the individuals within the Wheels of Soul engaged in some criminal conduct. Those incidents were separated by significant periods of time and distance, often occurred thousands of miles from each other, and involved different participants and different "victims." The conduct was not at the behest of the organization, did not occur because of the organization, and it did not relate to any other criminal conduct.

The Government alleged that three *different* members of the Wheels of Soul were involved in three *separate* altercations in 2009, none of which had anything to do with the other. One occurred in Gary, Indiana, one in St. Louis, Missouri,

Appellate Case: 13-1935    Page: 15    Date Filed: 02/21/2014 Entry ID: 4126026

and one in Chicago, IL. The incidents all were borne out of personal altercations unrelated to the Wheels of Soul. The incidents were not connected in anyway, involved different individuals and different "victims." Simply put, they were not related.

The Government alleged a sole incident that occurred in 2010. Again, that alleged incident involved different individuals, different victims, and, did not relate to any other act or the Wheels of Soul as an organization.

The Government finally presented evidence of two separate incidents that occurred in January and March 2011 in Chicago, Illinois, and Marion, Ohio, respectively. Again, these incidents did not involve the same or similar victims. Every incident detailed in Appellants' Joint Brief was ***isolated, sporadic, unplanned***, and were exactly the kind that the Court in *Indelicato* was concerned would be used to misapply RICO. See *Indelicato* at 1382. ("The requirements of relatedness and continuity prevent the application of RICO to ***isolated or sporadic*** criminal acts.)

The Government failed to present sufficient evidence that the predicate acts contained in the indictment were related, either to each other, or to the enterprise. Accordingly, this Court should find that the predicate acts at issue do not constitute a pattern and, therefore, the convictions cannot stand.

## III.   THE DISTRICT COURT ERRED BY DENYING APPELLANT JAMES C. SMITH'S MOTION FOR JUDGMENT OF ACQUITTAL

**BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT JAMES C. SMITH POSSESSED THE REQUISITE KNOWELDGE TO AGREE THAT A CO-CONSPIRATOR WOULD COMMIT TWO PREDICATE ACTS AS REQUIRED TO SUSTAIN A CONVICTION OF CONSPIRACY TO VIOLATE RICO AS SET FORTH IN 18 U.S.C.** 1962(d) [**GOVERNMENT ARGUMENT IB(iii)**]

### a. *Scope of Argument*

The reply to this Argument (Denial of Appellant James C. Smith's Motion for Judgment of Acquittal because Mr. Smith did not possess the requisite knowledge to agree that a co-conspirator would commit two predicate acts) is written only on *behalf of Appellant James C. Smith, individually*.

### b. *Legal Argument*

The Government's response to James C. Smith's argument that the District Court erred by denying his Motion for Judgment of Acquittal, is based upon *Salinas* and three Eleventh Circuit cases. In *Salinas*, the Supreme Court acknowledged that the Government could prove that a Defendant violated 18 U.S.C. § 1962(d) without showing that a defendant either committed, or agreed to commit, two or more predicate acts. *Salinas v. United States*, 522 U.S. 52 at 61 (1997). Rather, the Court held that a conviction under § 1962(d) could be supported where "The evidence showed that [another person] committed at least two acts of racketeering activity . . . and that [the Defendant] *knew about and agreed to facilitate* the scheme." *Salinas*, 522 U.S. at 66. (emphasis added).

12

The Government argues that this Circuit should apply the Eleventh Circuit's broad reading of *Salinas*. The Government urges this Court to hold that it is only required to prove that a defendant made an agreement on an overall objective in order to obtain a conviction for violation of RICO conspiracy. The government finds support in only the Eleventh Circuit, citing first to *United States v. Abbell* which held that the Government was only required to show that "an agreement on an overall objective" is necessary to sustain a conviction under 18 U.S.C. § 1962(d). *United States v. Abbell*, 413 F.3d 1286, 1299 (11th Cir. 2001).

The Government next turns to *United States v. Starrett*, which held that "the focus is on the agreement to participate in the affairs of the enterprise through the pattern of racketeering activity, not on the agreement to commit individual predicate acts. *United States v. Starrett*, 55 F.3d 1525, 1543-44 (11th Cir. 1995). In *Starrett*, the Court continued by stating the Government can prove such an agreement with "circumstantial evidence showing that each Defendant must necessarily have known that others were conspiring to participate in the same enterprise through a pattern of racketeering activity." *Id.*

The Government's reliance upon nonbinding Eleventh Circuit precedent is a misplaced and clear attempt to broaden the reach of RICO conspiracy law beyond even what the Supreme Court intended in *Salinas*. This attempt must fail for two reasons.

13

First, in *Starrett*, despite the Court's statement in dicta that circumstantial evidence could support a RICO conspiracy conviction, there was overwhelming actual evidence showing that the Defendants knew of, and even participated in, the predicate acts. In *Starrett*, the primary Defendant personally engaged in murder, kidnapping, narcotics trafficking, and related predicate act crimes. There was substantial direct evidence and testimony of his knowledge of the conduct, his participation in the conduct, and his direction of the conduct. *See Starrett,* 55 F.3d at 1531-1542.

Second, the Eleventh Circuit's reading of RICO conspiracy law is significantly broader than the reading given to by any other circuit that has examined the issue. The Fourth, Sixth, Seventh, and Tenth Circuits agree that the Defendant does not have to commit any act or specifically agree that a predicate act will be carried out, but all require proof that the Defendant ***knew and intended*** that predicate acts would be carried out for the benefit of the enterprise. It is this knowledge and intent requirement the Government wishes to avoid because the Government's evidence of Mr. Smith's knowledge and intent is blatantly insufficient to sustain his conviction.

The comparison with *Starrett* serves to highlight the startling lack of evidence that Mr. Smith knew about his co-defendants conduct or intended that his co-defendants would engage in that conduct. In *Starrett*, the government presented

14

overwhelming evidence that the co-defendants all participated in, knew of and supported numerous brutal murders, assaults, kidnappings, prostitution, narcotics trafficking, and other acts.

Here, the Government concedes that did Mr. Smith not commit any predicate acts. Rather than offer evidence that Mr. Smith engaged in or was aware of illegal conduct, the Government instead states that "not only was J. Smith the national Vice President of the WOS, he presided over numerous national meetings at which dozens, if not hundreds, of other members were in attendance." *See Brief of Appellee* at 135. This is not a crime.

The Government suggests that even though it presented no direct evidence that Mr. Smith had involvement with or knowledge of the transportation of fire-arms to Chicago, that it was reasonable for the jury to infer "based upon his position in the organization that he had authorized others to do so". *See Brief of Appellee* at 137. The Government's argument appears to be that because Mr. Smith was the National Vice President of the Wheels of Soul, he could have known, should have known, and must have known about the conduct of every member of the Wheels of Soul. This, and only this, the Government claims, is sufficient to sustain a conviction of Conspiracy to Violate RICO.

The Government's argument fails, though, because Mr. Smith never had advanced knowledge of any criminal act. In fact, as detailed in the Appellant's

15

Brief, there was almost no evidence indicating what Smith knew and when he knew it. Every piece of evidence related to Mr. Smith and the predicate acts indicated he was given limited amounts of information that an incident occurred, after the incident occurred. The Government claims that because Mr. Smith failed to prevent the incidents from occurring or did not report the incidents to the police after he learned of them, that he must have intended the acts to occur. That is simply ludicrous on its face.

Based on the standard the Government asks this Court to adopt, it only has to prove that Mr. Smith was an officer in the Wheels of Soul at a time when certain individual members engaged in illegal conduct without his knowledge. Should the Court adopt the Government's defective interpretation, it would effectively write the intent and knowledge requirements out of the RICO statute. *See United States v. Driver*, 535 F.3d. 424 (6th Cir. 2008).

The proper standard was set out by the Sixth Circuit in *United States v. Driver* and this Court should follow that analysis to determine what should the government be required to prove to sustain a conviction pursuant to 18 U.S.C. § 1962(d). In *Driver*, the Court reversed the Defendant's conviction because there was no evidence that Driver "agreed that either he or someone else would commit any other racketeering act charged in the indictment. *Id.*. The Court noted that the Government did not have to prove that Driver agreed to commit two acts, only that

16

there had to be evidence sufficient to prove that Driver agreed that *someone* would commit two acts. *Id.* at 432 (emphasis added).

In *Driver*, the Court further found that his mere association with the OMC was not sufficient to prove he conspired with other members to violate the RICO statute. *Driver* at 433. Similarly, as here, there is no evidence that Mr. Smith knew the type of conduct with which the co-defendants, or the other 400 members of the Wheels of Soul, were engaged. Therefore, the Government has not pointed, and cannot point, to any evidence that proves that Mr. Smith knew and agreed that somebody within the conspiracy would commit at least two predicate acts in furtherance of the conspiracy.

This conclusion is consistent with the Fourth Circuit's holding in *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012) <u>cert. denied,</u> 133 S. Ct. 899, 184 L. Ed. 2d 697 (U.S. 2013). In *Mouzone*, the court held that though there is no requirement that the Defendant agree to commit any predicate act, it cautioned that RICO does not "criminalize mere association with an enterprise." *Mouzone* at 218 (4th Cir. 2012). The Court continued that as with a traditional conspiracy, criminal liability will attach only to the "knowing agreement to participate in an endeavor which, if completed would constitute a violation of the substantive statute." *Id.* at 218 (citations omitted). Therefore, "to satisfy § 1962(d), the government must prove that an enterprise affecting interstate commerce existed; "that each defendant

17

*knowingly and intentionally* agreed with another person to conduct or participate in the affairs of the enterprise; and ... that each defendant *knowingly and willfully* agreed that he or some other member of the conspiracy would commit at least two racketeering acts." *Id. See also United States v. Smith,* 413 F.3d 1253, 1272 (10th Cir. 2005) ("The conspiracy element of § 1962(d) requires the Government to demonstrate only that the defendant *knew about* and *agreed to facilitate* the commission of—rather than personally committed or agreed to commit—at least two of the predicate acts constituting a pattern of racketeering activity that were proven at trial.") (emphasis added). *See also Goren v. New Vision Int'l, Inc*., 156 F.3d 721, 732 (7th Cir. 1998) (finding that an agreement to the commission of at least two predicate acts is required to sustain liability under § 1962(d).)

   This is even consistent with a recent case out of the Eleventh Circuit. *See United States v. Hein*, 395 F. App'x 652, 656 (11th Cir. 2010). In *Hein*, the 11th Circuit affirmed the District Court's use of an instruction that required the jury to find:

> Beyond a reasonable doubt that the defendant agreed that at least one member of the conspiracy would commit at least two acts of 'racketeering activity,' sometimes called predicate offenses, as described in the indictment, within ten years of each other.... *You must also unanimously decide on what type of racketeering acts were involved in the conspiracy.* (emphasis added) *Id* at 656.

18

It is clear that the language set forth above, in the Fourth, Sixth, Seventh, Tenth, and even Eleventh Circuits is the proper statement of the law.  The Government was required to show that Mr. Smith agreed and intended that another member of the enterprise would commit two predicate acts.  The Government failed to do so.  The Government's brief makes that clear by making reference to what Smith should have known, or must have known, or what he undoubtedly knew, because it cannot point to any evidence showing his knowledge and intent.  The government had the burden of proof.  The government is required to present sufficient evidence to sustain a conviction.  The government failed to do so.

Therefore, the District Court's Order Denying Appellant Smith's Motion for Judgment of Acquittal should be reversed.

IV.  **THE DISTRICT COURT ABUSED ITS DISCRETION BY DENYING APPELLANT JAMES C. SMITH'S REQUEST FOR A SPECIAL INTERROGATORY AND/OR SPECIAL VERDICT DIRECTOR THAT WOULD HAVE REQUIRED THE JURY TO FIND, UNANIMOUSLY, THE TYPES OF PREDICATE ACTS TO WHICH JAMES C. SMITH AGREED A CO-CONIPRATOR WOULD COMMITT AS REQUIRED BY 18 U.S.C.§ 1962(d) [GOVERNMENT ARGUMENT VIII]**

*a.  Scope of Argument*

The reply to this argument is written only on the behalf of Appellant James C. Smith.

Appellate Case: 13-1935    Page: 24    Date Filed: 02/21/2014 Entry ID: 4126026

### b. Legal Argument

The Government failed to address the arguments contained in Appellant James C. Smith's individual brief that related to the District Court's failure to utilize a special verdict director or special interrogatory. Mr. Smith requested that the Court use a special verdict director or special interrogatory that would have required the jury to indicate which types of predicate acts to which Mr. Smith agreed would be committed. The Government's argument, though, focuses on the arguments contained in the Joint Brief.

The Government suggests that Appellants failed to identify an alternative form that should have been used during the trial. Appellant Smith did identify, with identification to the record, the special interrogatories and/or special verdict directors that were suggested to the Court.

The Government erroneously lumps Mr. Smith's argument in with that of the other Appellants and argues simply that because there are no cases holding that a special verdict director or special interrogatory is required, that this Court should refrain from disturbing the District Court's decision.

The Government is incorrect as it relates to Appellant Smith. First, this case was remarkably complex, with dozens of witnesses, hundreds of exhibits, and eight days of deliberations. The District Court made clear its concern with the issues of using a General Verdict Director, including a potential issue under *Kragness*.

20

Lastly, the Government fails to address this Court's language in *United States v. Kragness* to which Mr. Smith specifically referred in his appeal.

In *Kragness*, this Court stated that in a criminal case, "a conviction may not be upheld on the basis of speculation or inference, however strong…it is the jury that must convict, not an appellate court." *United States v. Kragness*, 830 F.2d 842, 861 (8th Cir. 1987). That is the precise situation that occurred here. Because the District Court used a general verdict director, there is simply no way, other than speculation and inference, to affirm the conviction of Appellant Smith. To affirm the conviction would be to convict Mr. Smith based upon speculation and inference.

For these reasons, this Court should find the District Court erred by denying the Mr. Smith's request that it utilize a special verdict director or special interrogatory and remand this matter to the District Court for further proceedings.

## CONCLUSION

Appellants, collectively, and Appellant James C. Smith, individually, (for the reasons set forth above) respectfully submit that this case must be reversed and the case dismissed because the government failed to establish that the Wheels of Soul were an Enterprise as defined by 18 U.S.C. § 1961(4). In the alternative, Appellants respectfully submit that this case must be reversed and the case dismissed because the government failed to establish that at the predicate acts

21

alleged by the Government constitute a Pattern as set forth in 18 U.S.C. § 1961(5).

Further, Appellant James C. Smith, individually, (for the reasons set forth above)

respectfully submit that this case must be reversed and the case dismissed because

the government failed to establish that Appellant Smith agreed that with a co-

conspirator that somebody would commit two types of predicate acts. In the

alternative, Appellant Smith respectfully submit that the case be reversed as to

Appellant Smith and the case remanded to the district court for a new trial because

the District Court erred by denying the Motion to Sever and by refusing the special

verdict director and/or special interrogatory.

Appellate Case: 13-1935    Page: 27    Date Filed: 02/21/2014 Entry ID: 4126026

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, I hereby certify that the textual portion of the foregoing brief (exclusive of the disclosure statement, table of contents and authorities, certificates of service and compliance, but including footnotes) contains 4,918 words as determined by the word counting feature of Microsoft Word 2010.

Pursuant to Circuit Rule 28A(h), I also hereby certify that electronic files of this Brief and accompanying Addendum have been submitted to the Clerk via the Court's CM/ECF system. The files have been scanned for viruses and are virus-free.

Respectfully submitted,

*/s/ Christopher A. Pickett*
Christopher A. Pickett, #51059
Greensfelder, Hemker, & Gale, PC
10 S. Broadway, 20th Floor
St. Louis, Missouri 63102
(314) 516-2654 telephone
(314) 851-0982 facsimile
cap@greensfelder.com
Attorney for Defendant/Appellant
James C. Smith

Appellate Case: 13-1935    Page: 28    Date Filed: 02/21/2014 Entry ID: 4126026